IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Lawrence Glenn Galloway, )
    Petitioner, )
)
v. ) 1:18cv336 (LO/JFA)
)
Harold W. Clarke, )
    Respondent. )

FILED
NOV 13 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Lawrence Glenn Galloway, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in the Circuit Court of Northampton County. Respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Dkt. Nos. 8-10. Petitioner was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. Dkt. No. 11. Petitioner filed a Traverse to Respondent's Motion to Dismiss as well as an affidavit. Dkt. Nos. 17-18. The matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

The record reflects the following. Petitioner is detained pursuant to a final judgment of the Circuit Court of Northampton County, entered July 28, 2014, and amended on August 4, 2014. Commonwealth v. Galloway, Case Nos. CR13000175-01, -02, -03, -07. Petitioner was convicted by a judge of one count of driving under the influence ("DUI") (third or subsequent offense), in violation of Virginia Code § 18.2-266/270, one count of refusal to take a breathalyzer, in violation

of Virginia Code § 18.2-268.3, one count of driving on a DUI related revoked license, in violation of Virginia Code § 46.2-301, and one count of failure to provide proof of insurance, in violation of Virginia Code § 46.2-902.1. Id. Petitioner was sentenced to seven years and six months imprisonment with no time suspended. Id.

Petitioner pursued a direct appeal to the Court of Appeals of Virginia, which was denied on August 25, 2015. Record No. 1593-14-1. On direct appeal, the Court of Appeals of Virginia stated the facts as follows.[1]

> [T]he evidence proved that on May 31, 2013, at approximately 8:42 p.m., Trooper Brian Kennedy of the Virginia State Police was dispatched to an accident scene. When he arrived, he saw "tire tracks and yaw marks" where a vehicle "had run off the road to the right into a ditch, way overcorrected to the left causing the vehicle to roll over and run down the road upside down on its roof." When Trooper Kennedy approached the scene, he saw several open containers of Colt 45 beer in and around the vehicle.
>
> The emergency medical technicians (EMTs) were assisting two people, [petitioner] and his wife, who were in the accident. [Petitioner] told Trooper Kennedy that he "was driving and went off the road into a ditch because of a deer, lost control and flipped." Trooper Kennedy described [petitioner's] speech as "very loud and slurred." Trooper Kennedy also noticed that [petitioner] was disheveled and had "bloodshot eyes, glassy eyes." While speaking with [petitioner], Trooper Kennedy had to repeat himself because [petitioner] looked at him "with a blank stare." [Petitioner] had an injury on the side of his face and was transported to the hospital.
>
> Peter Surran was the EMT who travelled with [petitioner] in the ambulance to the hospital. Surran said that [petitioner's] injury was on the right side of his head and the bleeding was "controlled by a dressing." Surran testified that he smelled an odor of alcohol coming from [petitioner's] person and on his breath. [Petitioner] told Surran that he was driving at the time of the accident.
>
> Trooper Kennedy interviewed [petitioner] at the hospital. Kennedy described [petitioner] as being "very cooperative, very nice; and then he would get loud and then draw back." The trooper said it was like "a seesaw effect." Trooper

---

[1] Because the Supreme Court of Virginia refused further review of this order without explanation, the reasoning of the Court of Appeals is imputed to it. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

2

> Kennedy said that [petitioner] "had a strong odor of alcohol emanating from his person. His eyes were bloodshot and watery." [Petitioner] admitted to Trooper Kennedy that he was driving and ran off the road. When asked how much he had to drink, [petitioner] responded that he had three or four beers. He also told Kennedy that he was taking blood pressure medicine.
>
> Trooper Kennedy administered a horizontal gaze nystagmus (HGN) test. All six indicators of impairment were present. [Petitioner] refused field sobriety tests and a breath or blood test. After Trooper Kennedy arrested him for driving under the influence, [petitioner] denied driving. Upon signing the summons, [petitioner] left the hospital and walked home.
>
> [Petitioner] testified that he recently found out that he lost his job and was later hospitalized for suicidal thoughts. He had been taking medication for his stomach and to stop smoking. When asked by the court, [petitioner] said that he was not supposed to consume any alcohol while taking this medication.

Id. (footnote omitted). In his direct appeal, petitioner claimed that the evidence was insufficient to convict him of DUI. Id. The Supreme Court of Virginia refused the petition for appeal on July 13, 2016. Record No. 151850.

After pursuing his direct appeal, petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Record No. 170601. Petitioner asserted the following claims in his state habeas corpus petition.

1. Violation of petitioner's right to a speedy trial.

2. The trial court erred in preventing petitioner from presenting a witness whose testimony would have been beneficial to his defense.

3. Trial counsel was ineffective because she failed to investigate petitioner's mental health.

4. Trial counsel was ineffective because she failed to interview and call as witnesses petitioner's treating physician and medical staff from the hospital where petitioner was treated after the accident.

5. Violation of petitioner's rights pursuant to Miranda v. Arizona.

6. The evidence was insufficient to convict petitioner for failing to wear a seatbelt.

3

> 7. Trial counsel was ineffective because she failed to adequately investigate and present mitigating evidence at sentencing.
>
> 8. The evidence was insufficient to convict petitioner of driving while uninsured.
>
> 9. Trial counsel was ineffective because she failed to develop and present an insanity defense.

Id. The Supreme Court of Virginia dismissed the state habeas petition on October 20, 2017. Id.

On March 9, 2018, petitioner filed the instant federal petition, wherein he challenges his convictions on the following grounds.

> 1(a). The evidence was insufficient to support his conviction of violating Virginia Code § 46.2-901.[2]
>
> 1(b). Petitioner is actually innocent of violating Virginia Code § 46.2-902.1, and therefore, counsel was ineffective for not challenging the state's evidence.
>
> 2. Trial counsel was ineffective because she failed to conduct an adequate investigation into and presentation of mitigating evidence during the penalty phase, including presenting qualified witnesses.

See Dkt. No. 1.

## II. Procedural Bar, Exhaustion, and Default

### A. Claim 1(a)

In Claim 1(a) petitioner asserts that there was insufficient evidence to convict him of violating Virginia Code § 46.2-901, however, petitioner was not convicted of violating that statute. Rather, petitioner was convicted of violating Virginia Code § 46.2-902.1, for failing to provide proof that the vehicle he was driving was insured. Because petitioner's arguments supporting

---

[2] Virginia Code § 46.2-901 is titled "Suspension of driver's license for failure to report certain accidents." As discussed below, petitioner was not convicted of violating Virginia Code § 46.2-901.

4

Claim 1(a) all relate to providing proof of insurance, Claim 1(a) will be taken as asserting that there was insufficient evidence to convict petitioner of violating Virginia Code § 46.2-902.1.[3]

Where a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

The state habeas court held that petitioner's instant Claim 1(a) was "barred because [this] non-jurisdictional issue[] could have been raised at trial and on direct appeal and, thus, [is] not cognizable in a petition for a writ of habeas corpus. [Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975).]" Record No. 170601.

The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Supreme Court of Virginia's

---

[3] In his petition, petitioner states that "[t]he charge made upon petitioner pursuant to [Virginia] Code § 46.2-901 was never tried in the court, because the Commonwealth never demonstrated that petitioner was subject to liability to the insurance proof in this circumstance nor that he was the owner of the vehicle." To the extent petitioner actually wishes to argue that there was insufficient evidence to convict him of violating Virginia Code § 46.2-901, that claim is not cognizable pursuant to § 2254 because petitioner was not convicted of violating that statute, and therefore, he is not incarcerated for violating § 46.2-901.

5

express finding that Slayton barred review of Claim 1(a) also precludes federal review of this claim. Clanton, 845 F.2d at 1241.

**B. Claim 1(b)**

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

Petitioner did not raise Claim 1(b) either in his direct appeal or his state habeas petition. Petitioner argues that he implicitly presented Claim 1(b) in the eighth claim of his state habeas petition and explicitly raised it in his response to the motion to dismiss the state petition, and therefore, the substance of Claim 1(b) was "maintained throughout [the] state proceedings ...."[4]

Contrary to petitioner's argument, the Supreme Court of Virginia stated that, in the eighth claim of his state habeas petition, "petitioner contend[ed] the evidence was insufficient to convict him of driving while uninsured." Therefore, it is clear that the state habeas court only considered petitioner's eighth claim to be a sufficiency of the evidence claim and in no way an

---

[4] Petitioner states that respondent "did not submit the continuation response [petitioner] submitted to the Virginia Supreme Court." Dkt. No. 18 ¶ 6. Petitioner's response to the motion to dismiss the state habeas petition was provided as the entire record of petitioner's state habeas petition was sent to this Court from the Supreme Court of Virginia.

6

ineffective assistance of counsel claim. In addition, petitioner was not authorized to file a response to the motion to dismiss the state habeas petition, therefore, raising the ineffective assistance of counsel arguments in the improperly filed response did not exhaust the claim. See Va. Code § 8.01-654 (requiring that habeas petitions "contain all allegations the facts of which are known to petitioner at the time of filing ...."); Taylor v. Murray, 855 F. Supp. 124, 126–27 (E.D. Va. 1994) ("The Brief [petitioner] submitted in reply to the responsive pleading was not authorized under the Rules [of the Supreme Court of Virginia]. The Supreme Court of Virginia was not obligated to accept, read, or consider it. Indeed, the presumption is the Court followed its own rules and did not consider it.").

Therefore, Claim 1(b) was never presented to the Supreme Court of Virginia; however, it is nonetheless treated as exhausted because petitioner is now precluded from raising this claim in state court. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."). Specifically, Claim 1(b) is procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas applications. The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision." Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997). Because "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim," Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), Claim 1(b) of the instant petition is procedurally defaulted from federal consideration. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

## C. Cause and Prejudice or Fundamental Miscarriage of Justice

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42.

### i. Martinez v. Ryan

Petitioner first argues cause for the default of Claim 1(b) based on Martinez v. Ryan, 566 U.S. 1 (2012).[5]

> "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," but the petitioner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one"—that is, that it has "some merit." Martinez, 132 S.Ct. at 1315, 1318.

Richey v. Cartledge, 653 F. App'x 178, 184 (4th Cir. 2016).

To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. The two prongs, deficient performance and prejudice, constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell

---

[5] Martinez can only establish cause for ineffective assistance of counsel claims.

v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand").

Petitioner argues that trial counsel was ineffective because she did not present a defense to the failure to provide proof of insurance charge, rather, she only moved to strike because the Commonwealth had not proved that petitioner was the owner of the vehicle involved in the accident.[6] Specifically, petitioner asserts that counsel should have put on a defense based on the following: (1) he was not the owner of the vehicle; (2) he did not know that the vehicle was not insured; (3) the Commonwealth knew that the vehicle was not registered in his name; (4) he was not liable for providing proof of insurance; and (5) Trooper Kennedy's testimony regarding who owned the vehicle was hearsay. Petitioner also claims that counsel should have moved to strike the evidence because the Commonwealth never proved that there was either $1500 or more in property damage or injury to a person.[7]

---

[6] Virginia Code § 46.2-902.1 states "[a]ny law-enforcement officer present at the scene of a motor vehicle accident as to which a law-enforcement officer is required by § 46.2-373 to file an accident report with the Department may require the operator of any motor vehicle involved in such accident to furnish proof that the vehicle he was operating at the time of such accident was either (i) an insured motor vehicle as defined in § 46.2-705 or (ii) a vehicle for which the fee required by § 46.2-706 for registration of an uninsured vehicle had been paid as to that vehicle. Failure to furnish proof of insurance or payment of the uninsured vehicle registration fee when required by a law-enforcement officer as provided in this section within thirty days shall constitute a Class 2 misdemeanor."

[7] Virginia Code § 46.2-902.1 refers to § 46.2-373 which provides, in relevant part, that "[e]very law-enforcement officer who in the course of duty investigates a motor vehicle accident resulting in injury to or death of any person or total property damage to an apparent extent of $1,500 or more ... shall, within twenty-four hours after completing the investigation, forward a written report of the accident to the Department."

Petitioner's ineffective assistance claim has no merit. As to his assertion that trial counsel did not present a defense, petitioner cannot establish that trial counsel was deficient because the first four arguments petitioner asserts that trial counsel should have used to put on a defense were, in fact, presented. In addition, petitioner cannot show prejudice based on trial counsel's failure to object to Trooper Kennedy's testimony.

First, on direct and cross examination of Trooper Kennedy, the following exchanges occurred that established that the following facts were in evidence: (1) petitioner was not the owner of the car; (2) petitioner did not know if the vehicle was insured; and (3) the Commonwealth knew that the vehicle was not registered in petitioner's name.

Prosecutor: Did you ask about insurance on the vehicle?

Trooper Kennedy: Yes, But that's later, a couple days later when I arrested him. 'Cause actually -- I actually talked to the -- the person which was registered. You know, the registered owner of the vehicle; and they said that it was registered for a favor to him, but he was the owner of the vehicle.

\*\*\*

Prosecutor: And at that point I'm not sure I understand about the insurance. Did you ask him for proof of insurance?

Trooper Kennedy: Yeah. I told him if you have insurance, bring it to court. Because he didn't have it on him. I had to write an accident report. I had to finish my report. I have three days that I have to do that. I had to put none at the time; so I said, you know, if later you want to make a revised report that he had insurance, I could do that by bringing it to court; but he showed me no proof, and I had no way of knowing.

\*\*\*

Defense Counsel: And as far as the -- At what point did you find out -- I notice in your report you've seen that the car actually belongs to someone else?

Trooper Kennedy: Yes.

Defense Counsel: Someone named Orsinger?

10

>   Trooper Kennedy: Yes, ma'am. I did interview him later.

Trial Tr. April 14, 2014 at 38, 40, 51. Thus, trial counsel was not deficient.

Second, during the motion to strike, trial counsel argued that petitioner was not liable for providing proof of insurance. Specifically, she argued as follows.[8]

> As far as failure to provide the proof of insurance, he indicates it was not his car. You know as to whether -- I know down in lower court they talk about if you're going to drive a car, you need to verify as far as there's insurance. But I would ask Your Honor that that in regards to those particular charges, that we not be even obligated to go forward to present a defense.

Id. at 67. In addition, trial counsel asked the following on direct examination of petitioner.

> Defense Counsel: First of all, let me just ask you, okay. Do you know – did you – was that your car that you were driving in?
>
> Petitioner: Oh, no. I don't have no car. You can ask DMV.
>
> Defense Counsel: Okay.
>
> Petitioner: Yeah, I don't have no car.

Id. at 75. However, the Court held that "[o]n the insurance ... he was asked to produce evidence of insurance. He hasn't done so, and so I deny the motion to strike on that." Id. at 69. Petitioner seems to claim that Virginia Code § 46.2-902.1 only applies to the owners of a vehicle, and therefore, he did not have to provide proof of insurance because he did not own the vehicle he was driving. Although there appears to be no Virginia case law on this point, the language of the statute clearly states that the operator of the vehicle at the time of the accident is required to provide proof of insurance when asked. In addition, the

---

[8] This also contradicts petitioner's argument, in his traverse, that trial counsel did not explain why the motion to strike should be granted.

trial court disagreed with petitioner's position in denying the motion to strike. Thus, trial counsel was not deficient.

Third, as to trial counsel's failure to object to Trooper Kennedy's testimony that the vehicle was registered under another person's name as a favor to petitioner as hearsay, as stated above, it did not matter whether petitioner was the owner of the vehicle. The evidence otherwise established that petitioner did not provide proof of insurance for a vehicle he was driving, which was all that was required. Thus, petitioner was not prejudiced by trial counsel's failure to object.

Finally, as to petitioner's claim that counsel should have moved to strike the evidence because the Commonwealth never proved that there was either $1500 or more in property damage or injury to a person, the record establishes that Trooper Kennedy testified that petitioner "was obviously injured. He was starting to swell up on the one side of his face." Trial Tr. April 14, 2014 at 33.

In sum, petitioner's ineffective assistance of counsel claim is not meritorious because trial counsel's performance was not deficient and/or petitioner was not prejudiced by trial counsel's performance. Because petitioner has not established that his ineffective assistance of counsel claim is substantial, he cannot establish cause for the default of Claim 1(b).[9]

### ii. Actual Innocence

Petitioner next argues that he is able to overcome the default of Claims 1(a) and 1(b) because he is actually innocent. The actual innocence exception is satisfied only by a showing of actual factual innocence; a showing that petitioner is legally but not factually innocent does not

---

[9] Because petitioner has not established cause for the default of Claim 1(b) there is no need to address whether there has been prejudice to petitioner caused by the default. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) ("To consider whether [petitioner] also suffered prejudice would constitute an alternative holding, which ... should be avoided.").

suffice. U.S. v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). In addition, "tenable actual-innocence gateway pleas are rare" and limited to cases where, "'in light of the new evidence, no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt.'" McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner argues that he is actually innocent of failure to provide proof of insurance because (1) he was not the registered owner of the vehicle and (2) there was no evidence of an injury to a person or total property damage of $1500 or more. As stated above, petitioner did not need to be the registered owner of the car to be convicted of failure to provide proof of insurance. Also as previously stated, there was evidence of injury to a person. Finally, these facts were known to petitioner at the time of the trial, therefore, he has asserted no new evidence and cannot meet the requirements of McQuiggin. Accordingly, petitioner has not established actual innocence to allow review of the barred claims.

### iii. 28 U.S.C. §§ 2254(b)(1)(B)(i) and 2254(b)(1)(B)(ii)

Petitioner argues that, because "the state court would not now consider [his] claims ... [he] is entitled to have those claims heard because there is no effective process to protect his rights" pursuant to § 2254(b)(1)(B)(i) and (ii). Section 2254 of Title 28 of the United States Code provides, in relevant part, that

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute is meant to determine which claims have been exhausted in the state courts, not whether a federal court can consider otherwise barred claims. However, even if this language applied to petitioner's barred claims, his argument is without merit because a state corrective process was available to him. He could have presented Claim 1(a) to the Supreme Court of Virginia in his direct appeal and Claim 1(b) in his state habeas petition. See Whittlesey v. Circuit Court for Baltimore County, 897 F.2d 143, 145 (4th Cir.1990) ("As a general matter, it is well-settled that a criminal defendant may not flout compliance with state procedures and look to federal courts to save him from the consequences of his actions.").

Accordingly, because petitioner has failed to establish cause or a miscarriage of justice, Claim 1(a) is defaulted and will be dismissed, and Claim 1(b) is deemed to be simultaneously exhausted and defaulted, and will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood

and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. A federal court should review the state court determination with deference; a federal court cannot grant the writ simply because it concludes that the state court incorrectly applied the legal standard. Woodford v. Visciotti, 537 U.S. 19, 24 (2002). Rather, "the federal habeas scheme ... authorizes federal court intervention only when a state-court decision is objectively unreasonable." Id. at 27. A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

15

## IV. Analysis

Petitioner's Claim 2 is one of ineffective assistance of counsel. As previously stated, to prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland. Petitioner argues that counsel was ineffective for failing to conduct an adequate investigation into, and presentation of, mitigating evidence during the penalty phase, including failing to present qualified witnesses.[10] The Supreme Court of Virginia dismissed this claim, holding that it

> satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial and sentencing transcripts, demonstrates the trial court was aware petitioner has PTSD resulting from a childhood experience watching his father die, takes several prescription medications, has a history of alcohol and drug abuse, lost his job near the date of the crash, and was hospitalized for suicidal thoughts after the crash. During closing arguments of the sentencing phase, counsel emphasized petitioner sustained significant trauma as a child, did not receive counseling, developed mental health issues, and also suffered from physical ailments. Counsel asked the court to sentence petitioner within the guidelines' range because petitioner recognized his issues, sought treatment, and his childhood trauma warranted mercy. The court acknowledged petitioner's difficulties, but found they did not excuse petitioner's repeated offenses for driving under the influence and rejected counsel's request. Moreover, in light of the court's finding that petitioner presents a "huge public safety issue," petitioner fails to explain how presenting additional mitigating evidence would have convinced the court to impose a more lenient sentence. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Record No. 170601.

---

[10] In his traverse, petitioner states that Claim 2 is a combination of claims 3, 4, 7, and 9 from his state habeas petition. Although there are some aspects of petitioner's third claim from his state habeas petition covered in the instant Claim 2, these issues were also considered in petitioner's seventh claim in his state habeas petition. Accordingly, it is clear that all of the arguments asserted in the instant Claim 2 were covered by petitioner's seventh claim in his state habeas petition, as petitioner admits in the instant petition. See Dkt. No. 1.

In his petition, petitioner makes no arguments regarding the state court's decision. Rather, he simply reasserts his arguments regarding trial counsel's effectiveness, specifically arguing that the following should have been presented as mitigating evidence during the sentencing phase of his trial: (1) he has hepatitis C; (2) he was exposed to asbestos and uses a breathing machine to help him sleep; (3) he has posttraumatic stress disorder ("PTSD"), for which he is being treated, because his father was killed in his presence when he was a young child, and it is more possible than not that his actions were related to his PTSD and medications; (4) he is taking several medications for mental and physical disorders; (5) his mother died before his father; and (6) his psychological issues prevented him from acknowledging his drinking problems.

Petitioner also claims that trial counsel never contacted any of his doctors who could have testified that (1) his "illness[es] could not be treated by incarceration" and that he would need to be held in a facility with accommodations as an alternative to incarceration; and (2) petitioner's mental health issues caused his substance abuse and "other impulsive behavior [that petitioner is] not able to control." In addition, petitioner asserts that trial counsel failed to argue what his PTSD "consisted of" and how it was treated, and failed to look into what his psychotropic prescription was for and its side effects.

In his traverse, petitioner asserts that "[t]he state was unreasonable to accept counsel's explanation for not presenting the defense and mitigating evidence and there is no argument nor theory that could have supported the state court's decision."[11] However, he provides no support for this conclusory allegation.

---

[11] In his traverse petitioner raises arguments regarding his level of competency. Because this was not raised in the original petition, these arguments are not properly before the Court and will not be considered.

17

In sum, petitioner argues that, because trial counsel failed to sufficiently investigate petitioner's mental health issues, she did not sufficiently present mitigating evidence, and therefore, petitioner received the maximum punishment, which in turn is a de facto life sentence because of his age and health.[12]

"'[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" Wiggins v. Smith, 539 U.S. 510, 521–22 (2003) (quoting Strickland, 455 U.S. at 690-91). "Decisions about what types of evidence to introduce are ones of trial strategy, and attorneys have great latitude on where they can focus the jury's attention and what sort of mitigating evidence they can choose not to introduce." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) (internal quotation marks and citations omitted).

When the appropriate deference is paid to the findings of fact made by the Supreme Court of Virginia, it is apparent that the state court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, and that the decision did not involve an unreasonable determination of the facts.

## V. Conclusion

Petitioner's Claims 1(a) and 1(b) are procedurally barred. As to Claim 2, nothing in the state court record indicates that the state court decision was either contrary to, or an unreasonable application of, clearly established federal law; nor did the decision involve an unreasonable

---

[12] Petitioner was 57 years old at the time he was sentenced.

18

determination of the facts. Accordingly, this petition will be dismissed, with prejudice, by an Order to be issued with this Memorandum Opinion.

Entered this 13th day of Nov. 2018.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge